IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1999 SESSION

FILED

December 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN PAUL SEALS,            *       C.C.A. # 03C01-9903-

CC-00114

        Appellant,           *       HAMBLEN COUNTY

VS.                          *       Hon. James E. Beckner, Judge

STATE OF TENNESSEE,         *       (Post-Conviction)

        Appellee.            *

For Appellant:

Greg W. Eichelman
Office of the Public Defender
Third Judicial District
1609 College Park Drive
Morristown, TN 37813

For Appellee:

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

John F. Dugger, Jr.
Assistant District Attorney General
510 Allison Street
Morristown, TN 37814

OPINION FILED:_____

REVERSED AND REMANDED

GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, John Paul Seals, entered a guilty plea to first degree murder on December 12, 1988. The state had originally sought the death penalty. The trial court imposed a life sentence. Six years later, the petitioner filed a petition for writ of habeas corpus or, in the alternative, post-conviction relief. The trial court, which treated the petition as one for post-conviction relief, dismissed based upon the statute of limitations. This court affirmed on direct appeal. John Paul Seals v. State, No. 03C01-9409-CR-00319 (Tenn. Crim. App., at Knoxville, Feb. 22, 1995), perm. app. denied, (Tenn. 1995). On January 7, 1998, the petitioner filed this claim for post-conviction relief alleging several constitutional violations. The petitioner argued that the statute of limitations should not apply because he had been mentally incompetent since before the commission of the offense. The petitioner also contended that none of the grounds had been waived or previously determined because the first petition had been filed by someone other than himself. The trial court summarily dismissed the petition at the preliminary stage. See Tenn. Code Ann. § 40-30-206(a), (f). In John Paul Seals v. State, No. 03C01-9802-CC-00050 (Tenn. Crim. App., at Knoxville, Jan. 6, 1999), this court reversed and remanded the cause to the trial court to allow the petitioner to present evidence on the issue of his mental capacity as it related to the statute of limitations:

> If the petitioner carries his burden of proving facts which require tolling the statute of limitations due to mental incompetence, then the trial court shall proceed to the merits of the constitutional issues presented in the petition. On the other hand, if the petitioner does not carry his burden of proving mental incompetence as regards the statute of limitations, the trial court shall dismiss the petition as untimely.

Id., slip op. at 8.

The opinion of this court was filed January 6, 1999. Six days later, the trial court appointed counsel for the petitioner. On March 1, 1999, the state made application for permission to appeal the decision of this court. Tenn. Sup. Ct. Rule 11. Before any action was taken on the application by the supreme court, the Office of the District Attorney General of Hamblen County filed a motion to dismiss in the trial court on the following grounds:

2

5. On July 26, 1988, Judge James E. Beckner signed an order ... that defendant be evaluated by Cherokee Mental Health Agency for the purpose of determining his competency to stand trial, and the mental state of the defendant at the time of the commission of the alleged offense. The Sheriff of Hamblen County was directed to transport the defendant to the above facility and the results were to be reported to this court.

6. The state submits that petitioner's allegations that he was suffering from a "psychological impairment" and that he has never been evaluated is totally false. The original criminal court file, Hamblen County No. 88CR286, contains a copy of the mental evaluation report dated September 1, 1998 ... from Michael Moran, M.D., Staff Psychiatrist....

7. Dr. Moran of the Cherokee Mental Health Center evaluated Petitioner, John Paul Seals, for his ability to stand trial and his mental state at the time of the commission of the alleged offense of first degree murder.

The 1998 report by Dr. Michael Moran was made a part of the record. Dr. Moran had concluded that the petitioner "is capable of defending himself in a court of law. He understands the nature of the legal process, the charges pending against him, and the possible consequences. He seems able to advise his counsel and participate in his own defense." The report also provided that the defendant did not meet the test of insanity because he did not exhibit a mental illness or defect which would impair his ability "to appreciate the wrongfulness of the ... offense, or ... to conform his conduct to the requirement of the law."

In response to the motion to dismiss, the petitioner, who was by then represented by counsel, sought "a thorough and substantial psychological evaluation" and requested an independent psychologist or psychiatrist. The petitioner argued that Dr. Moran's conclusions, which were made on September 1, 1988, were incomplete and "not significant in making determinations with regard to his present post-conviction petition." After a review of the pleadings, the trial court concluded that the petitioner had failed "to carry his burden that he was mentally incompetent as alleged in his petition." It ruled that the statute of limitations had not been tolled and dismissed the petition.

3

In this appeal of the order of dismissal, the petitioner first argues that the case is not properly before this court because, at the time the briefs were filed, our supreme court had taken no action on the application for permission to appeal. In the alternative, the petitioner argues that the trial court did not, as required by the order of remand, "afford the petitioner and the state the opportunity to present evidence on the petitioner's mental capacity as it relates to the statute of limitations." The state argues that the petitioner's participation in the hearing on the motion to dismiss filed by the state constituted a waiver of the first issue.

On July 12, 1999, well before this case was placed on the docket, our supreme court granted application for permission to appeal sought by the state. Seven days later, separate counsel was appointed for the petitioner. On October 8, 1999, the supreme court directed that all proceedings should be stayed in both the trial court and in this court pending the decision of the supreme court: "All proceedings before the trial court or the Court of Criminal Appeals related to post-conviction suit are hereby stayed pending this Court's decision in this appeal."[1]

These circumstances are similar to those in State v. Cash, 867 S.W.2d 741 (Tenn. Crim. App. 1993). In Cash, this court determined that the trial court acted prematurely after the reversal of an aggravated kidnaping conviction and a remand for a determination of whether the count had "been previously dismissed at the election of the state." The opinion of our court was filed January 30, 1992. The trial court reinstated the conviction on February 14, 1992, before receiving the mandate from this court. In the meantime, the defendant had filed a timely application for permission to appeal. Tenn. R. App. P. 11. The application was not denied until May 4, 1992. Ten days later, a mandate was transmitted from this court to the trial court. In Cash, this court ruled that the trial court had no jurisdiction to act because this case was still in the appellate process. The order by the trial court was deemed a nullity. Id., 867 S.W.2d at 747.

---

[1] See John Paul Seals v. State, No. 03S01-9907-CC-00075 (Tenn., at Knoxville, Oct. 8, 1999).

Rule 42(b), Tenn. R. App. P., provides as follows:

> Unless otherwise ordered by the Supreme Court, Court of Appeals, Court of Criminal Appeals, or a judge thereof, the timely filing of an application for permission to appeal in the Supreme Court shall stay the issuance of the mandate of the Court of Appeals or the Court of Criminal Appeals, which stay is effective until the final disposition by the Supreme Court. Upon the filing of an order of the Supreme Court denying the application for permission to appeal, the mandate shall issue immediately.

Waiver, under these circumstances, would not apply as a defense for the state. Because neither the Tennessee Supreme Court nor the Court of Criminal Appeals authorized any proceedings in the trial court during the pendency of this appeal, all actions taken in the trial court since January 6, 1999, are a nullity. It is so ordered. Costs are adjudged against the State of Tennessee.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David H. Welles, Judge

_____
David G. Hayes, Judge

5